WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony D. Anderson and Gay-Dee Anderson, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>John D. and Jane Doe Chandler, husband and wife; Jeffrey and Jane Doe MacDonald, husband and wife; Allstate Insurance Company, a foreign corporation; John and Jane Does I-X; ABC Corporations I-X; and XYZ Partnerships I-X,<br><br>Defendants. | No. CV-12-813-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss For Lack of Personal Jurisdiction (Doc. 6) and a Motion for Evidentiary Hearing (Doc. 14) filed by Defendants John D. and Jane Doe Chandler; and a Motion to Strike filed and a Motion for Rule 56(d) Relief filed by Plaintiffs Anthony D. Anderson and Gay-Dee Anderson (Doc. 13). For the following reasons, the Court **DENIES** all four motions.

## BACKGROUND

Some time ago, Plaintiffs Anthony D. Anderson and Gay-Dee Anderson sold their interest in a California Allstate Insurance agency to California resident Leonardo Xavier. (Doc. 1, Ex. 1 ¶¶ 2-3, 7, 11.) Part of the purchase agreement between the Andersons and Xavier required Xavier to make a series of monthly payments to the Andersons. (*Id.* ¶¶ 8,

11.) The Andersons now reside in Maricopa County, Arizona. (*Id.* ¶¶ 1, 11.) In December 2009, Xavier arranged to sell the agency to Defendants John Chandler and Jeffrey MacDonald, both residents of California. (*Id.* ¶ 7.) This transaction was purportedly structured fraudulently to allow Allstate to avoid making a termination payment to the Andersons, Xavier to cease making the required monthly payments, and Chandler and MacDonald to evade incurring any payment obligation. (*Id.* ¶¶ 9, 11, 19-30.)

On November 22, 2011, the Andersons filed their complaint in Arizona Superior Court. The Chandlers filed their Motion to Dismiss for Lack of Personal Jurisdiction on April 1, 2012. (Doc. 1, Ex. 1 at 33.) On April 18, 2012, Allstate removed the action to this Court. (Doc. 1 at 1.) The Chandlers gave notice to this Court of the pending motion to dismiss on May 4, 2012. (Doc. 6.) The Andersons then moved to strike as extraneous matter the affidavit attached by the Chandlers to their Motion to Dismiss (Doc. 13 at 5), or to allow the Andersons limited discovery on the issue of personal jurisdiction under Rule 56(d) (*Id.* at 6). The Chandlers objected and moved in the alternative for an evidentiary hearing. (Doc. 14 at 4.)

## DISCUSSION

### I. LEGAL STANDARD

The plaintiff bears the burden of establishing personal jurisdiction. *See, e.g., Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995). Once a defendant has moved to dismiss, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction'" over the defendant. *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp.2d 1144, 1151 (D. Ariz. 2001). "[M]ere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident defendant." *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977); *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit.")

Because no statutory method for resolving the personal jurisdiction issue exists,

the district court determines the method of its resolution. *See Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir. 1977) (citing *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939)). A district court may, but is not required to, allow discovery to help determine whether it has personal jurisdiction over a defendant. *See id.* at 1285 n.1. In addition, a district court may, but is not required to, hear evidence at a preliminary hearing to determine its jurisdiction. *See id.* at 1285 n.2. If the district court does not hear testimony or make findings of fact and proceeds on written materials only, then the plaintiff must make only a prima facie showing of jurisdictional facts to defeat the defendant's motion to dismiss. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995).

Under this prima facie burden of proof, the plaintiff need only establish facts that if true would support personal jurisdiction over the defendant. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). If the plaintiff survives the motion to dismiss under a prima facie burden of proof, however, the plaintiff still must prove the jurisdictional facts by a preponderance of the evidence at a preliminary hearing or at trial. *Data Disc*, 557 F.2d at 1285 n.2.

**II.   ANALYSIS**

    **A.   Evidentiary Basis**

The parties have filed three motions with respect to the evidentiary basis for the instant Motion to Dismiss for Lack of Personal Jurisdiction: the Andersons have filed a Motion to Strike the affidavit attached to the Chandlers' Motion to Dismiss, or alternatively, to allow limited discovery on the question of personal jurisdiction (Doc. 13); the Chandlers assert that those motions should be denied, or, in the alternative, that the Court should order an evidentiary hearing (Doc. 14). How to proceed on this question is left to the discretion of the Court. *See Data Disc,* 557 F.2d at 1285. The Court has determined not to allow discovery or hold evidentiary hearings on the issue of personal jurisdiction at this stage, and those motions will be denied. The Court will consider only the affidavits that have been attached to the Motion to Dismiss. *See AT&T v. Compagnie*

*Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir. 1986). Consequently, the Andersons' Motion to Strike is denied. In considering the affidavits, however, "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *Id.*

### B.     Personal Jurisdiction

To establish that personal jurisdiction over the Chandlers is proper, the Andersons must demonstrate that (1) Arizona's long arm statute confers jurisdiction over the Chandlers, and (2) that "the exercise of jurisdiction comports with the constitutional principles of Due Process." *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citation omitted). Because Arizona's long-arm statute extends jurisdiction "to the maximum extent permitted by the . . . Constitution of the United States," the personal jurisdiction inquiry largely collapses into a Due Process analysis. *See* Ariz. R. Civ. P. 4.2(a); *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *Williams v. Lakeview Co.*, 199 Ariz. 1, 5, 13 P.3d 280, 282 (2000). Absent traditional bases for personal jurisdiction (e.g., physical presence, domicile, and consent) the Due Process Clause requires that nonresident defendants have certain "minimum contacts" with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause, courts focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 860 (D. Ariz. 1999) (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). If a defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the Court must exercise either "general" or "specific" jurisdiction over the defendant. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984). No party contends

that the Court has general jurisdiction over the Chandlers. Thus the Court will only consider whether it has specific jurisdiction over the Chandlers with respect to the claims brought against them.

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to a court's specific jurisdiction. Under this three-part test, specific jurisdiction exists only if: (1) the defendant *purposefully availed* himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws, or purposely directs conduct at the forum that has *effects* in the forum; (2) the claim *arises out of* the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is *reasonable*. *See, e.g., Burger King v. Rudzewicz*, 471 U.S. 462, 472-76 (1985); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997)).

Specific jurisdiction over a tort defendant exists where the intended effects of the defendant's non-forum conduct were purposely directed at and caused harm in the forum state. *Calder v. Jones*, 465 U.S. 783, 788-90 (1984); *see Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1195 (9th Cir. 1988) ("[T]he decisions of this court have interpreted the holdings of *Calder* and *Burger King* . . . to allow 'the exercise of jurisdiction over a defendant whose only 'contact' with the forum is the 'purposeful direction' of a *foreign* act having *effect* in the forum state.'") (quoting *Haisten v. Grass Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986)) (emphasis in original); *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 n.1 (9th Cir. 1995) (applying effects test to defamation, tortious interference with business relations, and intentional infliction of emotional distress claims). Thus with respect to tort claims, the effects test requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

The acts in question here arose out of the Chandlers' purchase of the California Allstate Insurance agency from Xavier. (Doc. 1, Ex. 1 ¶ 7.) The situation is thus a sale of a California agency by one California resident to another. Nevertheless, the Complaint attempts to establish contacts with Arizona by alleging that the purchase was done at a below-market price with the purpose to cut off payments owed to Arizona residents under a previous agreement with Xavier. (*Id.* ¶ 8.) The question becomes whether those allegations are sufficient to show that Chandlers "expressly aimed" their conduct at Arizona. Admittedly, the words "expressly aimed," standing alone, provide little guidance. "Express aiming is a concept that in the jurisdictional context hardly defines itself. From the available cases, we deduce that the requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Bancroft*, 223 F.3d at 1087.

The Andersons allege that the Chandlers entered into a contract with Xavier and Allstate with the intent to impair a flow of payments to which the Andersons were entitled, thereby causing harm to the Andersons in Arizona. (Doc. 1, Ex. 1 ¶¶ 21, 23, 25, 30.) The Chandlers therefore allegedly targeted Arizona residents. This is analogous to the situation in *CE Distribution, LLC v. New Sensor Corp.*, where the Ninth Circuit found sufficient "aiming" when two companies entered into a contract in one state that impaired the rights of another company in another state. 380 F.3d 1107, 1111 (9th Cir. 2004); *see also Pure, Ltd. v. Shasta Beverages, Inc.*, 691 F. Supp. 1274, 1278-79 (D. Haw. 1988) (finding purposeful direction when the defendants intentionally sought to interfere with a contract). While the alleged contacts between the Chandlers and Arizona are few (and may only be this one event), "it is not the quantity, but rather the 'nature and quality' of the defendant's activities which determine whether extension of jurisdiction offends due process." *Thos. P. Gonzales Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1252 (9th Cir. 1980) (internal quotations and citations omitted). According to the allegations of the Complaint, the Chandlers knew about the Andersons, knew about the Andersons' rights under their agreement with Xavier, knew that the

- 6 -

Andersons resided in Maricopa County, and agreed with the other Defendants to cut off the Andersons' monthly payments. (Doc. 1, Ex. 1 ¶¶ 21, 23, 25, 30.) Based on these claims, the Andersons have adequately alleged express aiming.

The Chandlers' Motion to Dismiss included an affidavit from Mr. Chandler. (Doc. 1, Ex. 1 at 40-41.) In that affidavit, he refutes several of the allegations contained in the Andersons' Complaint. Specifically, Mr. Chandler avers that he was unaware of the Andersons' alleged interest in the agency, had no knowledge whatsoever of the Andersons, never had any contact with the Andersons until after the purchase, and never intended to harm the Andersons' alleged rights under their agreement with Xavier. (Doc. 1, Ex. 1 at 40-41.) In other words, the Chandlers had no intention to affect anything related to Arizona. Notably, Mr. Chandler did not include any statements in his affidavit that the Andersons were not entitled to payments under the Xavier purchase agreement. While a core jurisdictional fact is the existence of the Andersons' right to payments, if the Chandlers indeed knew nothing of that right, there was likely no "express aiming" and therefore no basis for personal jurisdiction. Moreover, many—if not all—of the Andersons' claims likely fail if the Chandlers were ignorant of the Xavier obligation. The averments in the affidavit related to the existence or lack of specific jurisdiction are consequently intertwined with the merits. While statements in an affidavit typically trump allegations in a complaint, in this context they are sufficient only to raise issues of fact that cannot be resolved at this stage of the proceedings. To simply credit the Chandler affidavit at this early stage would effectively end the case before it begins.

For the reasons stated above, the determination of whether this Court has jurisdiction will involve the same factual inquiries that will resolve some of the principal issues of this case—i.e., whether the Chandlers were aware of, and desired to disrupt, payments due by Xavier to the Arizona Plaintiffs. Therefore, for present purposes the Court will deny the Chandlers' Motion to Dismiss without prejudice to the Chandlers renewing the motion after the Court has provided the Andersons and Chandlers sufficient discovery to raise the issue again. The Chandlers may preserve their jurisdictional

objection by including it in their answer and subsequent motions. *See, e.g.*, *Aerotel v. Sprint Corp.*, 100 F. Supp. 2d 189, 193 (S.D.N.Y. 2000). If either party desires, the Court will prioritize issues relating to specific jurisdiction, and set a time when the jurisdiction motion can be renewed at the upcoming scheduling conference. The Court will address the remaining issues pertaining to specific jurisdiction—the "arising out of" requirement, the reasonableness requirement and issues of pendent jurisdiction—at the time that it resolves any future jurisdictional motion. Meanwhile this Court maintains jurisdiction to determine its own jurisdiction. *See Aragon-Ayon v. INS*, 206 F.3d 847, 849 (9th Cir. 2000).

## CONCLUSION

The Andersons have alleged sufficient contacts between the Chandlers and Arizona for this Court to satisfactorily exercise jurisdiction at this time under Arizona law and the Constitution. Accordingly, the Chandlers' Motion to Dismiss is denied without prejudice.

**IT IS HEREBY ORDERED** that the Chandler Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 6) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED THAT:**

1. The Motion to Strike filed by the Plaintiffs (Doc. 13) is **DENIED.**

2. The Motion for Rule 56(d) Relief filed by the Plaintiffs (Doc. 13) is **DENIED** as moot**.**

3. The Motion for an Evidentiary Hearing filed by the Chandler Defendants (Doc. 14) is **DENIED.**

Dated this 21st day of September, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge