**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony D. Anderson, et al., | No. CV-12-813-PHX-SMM |
| Plaintiffs, | |
| v. | **MEMORANDUM OF DECISION AND ORDER** |
| John D. Chandler, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss Counts 1, 3, 4, 5, 6, and 7 for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants John D. and Jane Doe Chandler ("Defendants Chandler") and Defendants Jeffery and Jane Doe MacDonald ("Defendants MacDonald"). (Doc. 39.) Plaintiffs have responded, Defendants have replied, and the matter is fully briefed. (Doc. 50; Doc. 54.) Also before the Court is the Motion to Strike pursuant to Fed. R. Civ. P. 12(b)(d) and Motion for Rule 56(d) Relief filed by Plaintiffs Anthony D. and Gay-Dee Anderson ("Plaintiffs"). (Doc. 50.) Defendants have responded, Plaintiffs have replied, and the matter is fully briefed. (Doc. 54; Doc. 55.) For the following reasons, the Court will grant in part and deny in part the Motion to Dismiss Counts 1, 3, 4, 5, 6, and 7. The Court will deny the Motion to Strike and Motion for Rule 56(d) Relief.

## BACKGROUND

**I. Factual Background**

In 2007, Plaintiffs sold their Allstate Insurance Business ("Business") to Leonardo

Xavier ("Xavier"). (Doc. 39 at 1.) Xavier paid a deposit of $30,000 and the remaining $233,500 of the sale price was left as an unsecured personal debt owed to Plaintiffs. (Doc. 39-1, Ex. 1.) In 2009, Xavier transferred the Business to Defendants Chandler and Defendants MacDonald. (Doc. 39 at 2.) Defendants Chandler and Defendants MacDonald purchased the Business for $120,000, substantially less than Xavier had paid. (Doc. 39-1, Ex. 3.) In 2011, Xavier declared bankruptcy and the debt to Plaintiffs was discharged during bankruptcy proceedings. (Doc. 39-1, Ex. 4.) Plaintiffs contend that these transactions were designed fraudulently to allow Allstate Insurance Company ("Defendant Allstate") to avoid making a termination payment to Plaintiffs, to enable Defendants Chandler and Defendants MacDonald to purchase the Business below market value, and to excuse Xavier from making payments to Plaintiffs. (Doc. 1 at ¶¶ 9, 11, 19-30.)

**II. Procedural Background**

On April 18, 2012, Plaintiffs brought this suit against Defendants Chandler, Defendants MacDonald, and Defendant Allstate alleging: (1) breach of contract; (2) interference with contract; (3) fraud; (4) fraudulent concealment; (5) ARIZ. REV. STAT. § 44-1105 fraudulent transfer; (6) damages arising out of acts committed pursuant to an agreement to cause harm; and (7) punitive or exemplary damages. (Doc. 1.)

On April 16, 2013, Defendants Chandler and Defendants MacDonald brought this Motion to Dismiss Counts 1, 3, 4, 5, 6, and 7 pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 39.) In their Reply, Defendants Chandler and Defendants MacDonald withdrew the portion of their Motion to Dismiss regarding Count One. (Doc. 54 at 3.)

**LEGAL STANDARD**

A motion asserting dismissal for failure to state a claim must be made before pleading if a responsive pleading is allowed. Fed. R. Civ. P. 12(b). A motion to dismiss for failure to state a claim for relief made after an answer is filed should be treated as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980).

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings

1  are closed – but early enough not to delay trial – any party may move for judgment on the
2  pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all the
3  allegations in the pleadings as true, the moving party is entitled to judgment as a matter of
4  law." Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999). Judgment on the pleadings
5  is only appropriate when the moving party establishes no material fact remains to be
6  resolved. Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).
7  Dismissal on the pleadings is inappropriate if the facts as pled would entitle the non-moving
8  party to a remedy. See Merchants Home Delivery Serv., Inc. v. Hall & Co., 50 F.3d 1486,
9  1488 (9th Cir. 1995). "The court cannot consider evidence outside the pleadings unless the
10 court treats the motion for judgment on the pleadings as a motion for summary judgment
11 under Fed. R. Civ. P. 56." Phillips & Associates, P.C. v. Navigators Ins. Co., 764 F. Supp.
12 2d 1174, 1175 (D. Ariz. 2011).

Federal courts generally hesitate to grant judgments on the pleadings, because "hasty or imprudent use of this summary procedure by the courts violates policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defense." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1368 (1990).

**DISCUSSION**

On May 22, 2012, Defendants Chandler and Defendants MacDonald filed their Answer to Plaintiffs' Complaint. (Doc. 12.) Because Defendants Chandler and Defendants MacDonald completed responsive pleading, the Fed. R. Civ. P. 12(b)(6) motion is untimely and the Court will consider the motion as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. The Court will not consider materials outside of the pleadings, therefore this motion will not be converted to one for summary judgment. Consequently, Plaintiffs' Motion to Strike and Motion for Rule 56(d) relief are denied. (Doc. 50.)

**I. Count Three- Fraud**

To establish common law fraud, a plaintiff must show that: (1) the defendant made a representation to the plaintiff; (2) the representation was false; (3) the representation was material; (4) the defendant knew the representation was false; (5) the defendant intended that

- 3 -

the plaintiff would act upon the representation; (6) the plaintiff did not know the representation was false; (7) the plaintiff relied on the truth of the representation; (8) the plaintiff's reliance was reasonable and justified under the circumstances; and (9) as a result, the plaintiff was damaged. Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 647 P.2d 629 (1982).

Plaintiffs allege that Defendant Allstate told them that they would be kept updated about the possible sale of the Business. (Doc. 1 ¶ 23.) Nowhere in their complaint do Plaintiffs allege that Defendants Chandler or Defendants MacDonald made any statement to them regarding the sale of the Business. Moreover, Plaintiffs fail to state with particularity, pursuant to Fed. R. Civ. P. 9(b), how Plaintiffs relied on the representation, why their reliance was reasonable, and how it caused their damages.[1] Because Plaintiffs have not even attempted to establish a case of fraud as to these Defendants, this claim must fail and the Court will enter judgment in favor of Defendants Chandler and Defendants MacDonald on Count Three.

**II. Count Four- Fraudulent Concealment**

When a defendant has a legal or equitable obligation to reveal material information, the failure to do so is equivalent to a misrepresentation and may therefore support a claim of actionable fraud. Haisch v. Allstate Ins. Co., 197 Ariz. 606, 610, 5 P.3d 940, 944 (App. 2000).

Even if Defendants Chandler and Defendants MacDonald did have an obligation to reveal information regarding the sale of the Business to Plaintiffs, therefore establishing the first element of fraud, there still remains an issue of causation. Plaintiffs were not damaged as a result of their reliance on any alleged omitted misrepresentation, they were damaged by

---

[1] The Court will deny Plaintiffs' request for leave to amend their Complaint. (Doc. 50 at 4.) Plaintiffs make no indication of how a proposed amendment would cure the legal deficiencies of Claim Three. Furthermore, in their Complaint, Plaintiffs specifically identify the party that made the alleged representation, therefore any amendment would be futile. Foman v. Davis, 371 U.S. 178, 82 (1962).

- 4 -

1 the sale of the Business and the discharge of the debt owed to them by the original purchaser. 2 Thus, the Court will enter judgment in favor Defendants Chandler and Defendants 3 MacDonald on Count Four.

### III. Count Five- ARIZ. REV. STAT. §44-1105 Fraudulent Transfer

5 The Uniform Fraudulent Transfer Act ("UFTA") allows a creditor to bring a claim 6 of fraudulent conveyance when a debtor transfers an asset for less than fair value and that 7 debtor is insolvent. ARIZ. REV. STAT. §§44-1003 to 44-1004. Discharge of a debt in 8 bankruptcy destroys a creditor's status as such, and if a party is no longer a creditor it can 9 not bring claim against a transferee under the UFTA. Clark v. Rossow, 134 Ariz. 490, 657 10 P.2d 903 (App. 1982).

11 In the Motion to Dismiss Counts 3, 4, 5, 6, and 7, it was well established that Xavier's 12 debt to Plaintiffs was discharged in 2011. (Doc. 39 at 2.) However, this fact was not alleged 13 as part of Plaintiffs' Complaint. (Doc. 1.) Because the Court will not consider materials 14 outside of the pleadings and must take allegations in Plaintiffs' Complaint as true, the Court 15 would have to enter judgment for Plaintiffs on Count Five. Judgment on the pleadings is 16 inappropriate when the facts as pled would entitle the non-moving party to prevail. Thus, 17 the Court will decline to enter judgment in favor of Defendants Chandler and Defendants 18 MacDonald on Count Five. This matter is left more appropriately to one for summary 19 judgment.

### IV. Count Six- Conspiracy

21 "For a civil conspiracy to occur two or more persons must agree to accomplish an 22 unlawful purpose or to accomplish a lawful purpose by unlawful means, causing damages." 23 Baker v. Stewart Title & Trust of Phoenix, Inc., 197 Ariz. 535, 542, 5 P.3d 249, 256 ( App. 24 2000) (quoting Rowling v. Union Hills Country Club, 157 Ariz. 301, 306, 757 P.2d 105, 110 25 (1988)). A civil conspiracy requires an underlying tort which the alleged conspirators agreed 26 to commit. Id. at 545, 5 P.3d at 259.

27 As discussed above, Defendants Chandler and Defendants MacDonald are not liable 28 for fraud, but may be liable for fraudulent transfer. Even so, Defendant Allstate has not yet

- 5 -

motioned the Court to decide upon this matter as to itself, therefore an underlying tort may exist. If the Court takes the allegations in Plaintiffs' complaint as true, the Court would have to deny Defendants' motion.  For this reason, the Court will decline to enter judgment for Defendants Chandler and Defendants MacDonald on Count Six.

### V. Count Seven-Punitive Damages

Punitive damages are "only to be awarded in the most egregious of cases, where there is reprehensible conduct combined with an evil mind over and above that required for the commission of a tort." Linthicum v. Nationwide Life Ins. Co., 150 Ariz. 326, 331, 723 P.2d 675, 690 (1976).

Punitive damages are not a cause of action, but rather a demand for relief. The Court finds dismissal of this demand for relief to be premature because it is yet to be determined whether, if liable, Defendants acted with an evil mind. The Court will deny Defendants Chandler's and Defendants MacDonald's Motion to Dismiss as to Count Seven.

### CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED granting in part and denying in part** John and Jane Doe Chandler's and Jeffery and Jane Doe MacDonald's Motion to Dismiss Counts 3, 4, 5, 6, and 7 for Failure to State a Claim considered as a motion for judgment on the pleadings. (Doc. 39.)

**IT IS FURTHER ORDERED entering** judgment in favor of John and Jane Doe Chandler and Jeffery and Jane Doe MacDonald on Count Three- Fraud and Count Four- Fraudulent Concealment.

**IT IS FURTHER ORDERED denying** John and Jane Doe Chandler's and Jeffery and Jane Doe MacDonald's Motion to Dismiss as to Count Five- Fraudulent Transfer, Count Six- Conspiracy, and Count Seven- Punitive Damages.

**IT IS FURTHER ORDERED denying** Plaintiffs' Motion to Strike. (Doc. 50.)

///

///

1     **IT IS FURTHER ORDERED denying** Plaintiff's Motion for Rule 56(d) Relief as moot. (Doc. 50.)

    DATED this 24th day of July, 2013.

*Stephen M. McNamee*
Senior United States District Judge